1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUILLERMO TRUJILLO CRUZ,

          Plaintiff,

    v.

CALDERON, et al.,

          Defendants.

Case No. 22-cv-05556-HSG

**ORDER TO SHOW CAUSE WHY LEAVE TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED**

Re: Dkt. No. 5

Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has requested leave to proceed *in forma pauperis*. Dkt. No. 5. For the reasons set forth below, the Court orders Plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three-strikes provision set forth in 28 U.S.C. § 1915.

## DISCUSSION

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or

later time are not relevant.  *See Andrews II*, 493 F.3d 1047 at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger, but did not affect Section 1915(g) analysis).  "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint."  *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022).  The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception."  *Andrews II*, 493 F.3d at 1055.  It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."  *Id.*

## A.    Prior Denials of *In Forma Pauperis* Status

Plaintiff is a frequent litigant.  Plaintiff has filed at least thirty-nine cases in the Eastern District of California, *see, e.g., Trujillo v. Alvarez*, C No. 14-cv-00976-LJO-EPG; *Guillermo Trujillo Cruz v. Gomez, et al.*, C No. 15-cv-00859-EPG; *Cruz v. Biter, et al.*, C No. 17-cv-00084-AWI-MJS; *Cruz v. Valdez*, C No. 18-cv-00571; and *Cruz v. Chappuis*, C No. 19-cv-01467-WBS-EFB.  He has filed at least twelve cases in the Northern District, including the instant action.  *See Cruz v. Gutierrez*, C No. 19-cv-04726 HSG; *Cruz v. Kumbat*, C No. 19-cv-05825 HSG; *Cruz v. Pierston*, C No. 19-cv-08039 HSG; *Cruz v. Ford*, C No. 19-7649; *Cruz v. Ortiz*, C No. 20-cv-00176; *Cruz v. Chandler*, C No. 20-cv-3421; *Cruz v. Bedusa*, C No. 22-cv-00670; *Trujillo Cruz v. Etzel*, C No. 22-3742; *Cruz v. Valdez*, C No. 22-4627; *Trujillo Cruz v. Simpson*, C No. 22-4898; and *Trujillo Cruz v. Davis*, C No. 22-6219.  In *Gutierrez, Kumbat, Pierston, Ford, Ortiz, Chandler*, and *Bedusa*, the Court denied him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), finding that Plaintiff had at least three cases dismissed that counted as "strikes"[1] and had not demonstrated that he qualified for the imminent danger exception.  *See Cruz v. Gutierrez*, C No. 19-cv-04726 HSG, Dkt. No. 15 (Jan. 16, 2020), Dkt. No. 19 (Mar. 6, 2020)

---

[1] The Court found that the following cases counted as strikes: (1) *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC), 2015 WL 13049186 (E.D. Cal. Apr. 24, 2015); (2) *Cruz v. Ruiz*, C No. 1:15-cv-00975-SAB-PC, 2016 WL 8999460 (E.D. Cal. Jan. 6, 2016); (3) *Cruz v. Gomez*, 2017 WL 1355872 (E.D. Cal. Feb. 3, 2017); (4) *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, 2016 WL 1704178 (E.D. Cal. Apr. 28, 2016); (5) *Trujillo v. Gonzalez-Moran*, C No. 17-15200 (9th Cir Aug. 21, 2017).

(revoking leave to proceed *in forma pauperis*); *Cruz v. Kumbat*, C No. 19-cv-05825 HSG, Dkt. No. 11 (Jan. 16, 2020), Dkt. No. 16 (Mar. 19, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Pierston*, C No. 19-cv-08039 HSG, Dkt. No. 8 (Jan. 16, 2020), Dkt. No. 14 (Mar. 9, 2020); *Cruz v. Ford*, C No. 19-7649, Dkt. No. 13 (Mar. 9, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Ortiz*, C No. 20-cv-00176, Dkt. No. 15 (Jun. 22, 2020); *Cruz v. Chandler*, C No. 20-cv-3421, Dkt. No. 7 (Sept. 28, 2020); and *Cruz v. Bedusa*, C No. 22-cv-00670, Dkt. No. 5 (Feb. 16, 2022).   Because Plaintiff has suffered at least three cases dismissed that count as "strikes," pursuant to 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in this action unless he demonstrates that he is in imminent danger of serious physical injury at the time he filed the complaint.

**B.     Complaint**

The complaint names as defendants the PBSP correctional officers Calderon, Hamilton, Ford, Nelson and Cena.

The complaint makes the following allegations.

On September 15, 2018, in retaliation for Plaintiff reporting serious misconduct about defendants Cena and Nelson, defendants Cena and Nelson encouraged "anonymous resources" on the tier to scream out Plaintiff's nickname and disrespectful comments, in an effort to get Plaintiff involved in a physical altercation.   These verbal threats by defendants Cena and Nelson continued until October 15, 2018, when Plaintiff left for out-of-court proceedings.   On November 22, 2021, when Plaintiff returned from out-of-court proceedings to Facility B, Plaintiff was housed on Facility B and defendants Cena and Nelson were no longer working on Facility B Yard.   However, defendants Cena and Nelson had started a new scheme of using other correctional officers to threaten and harass Plaintiff, and ultimately had Plaintiff assaulted on May 27, 2022.   Defendants Cena and Nelson orchestrated this attack by others so that they would not be found at fault for the attack.   Plaintiff sustained numerous injuries from the attack.   After the attack, Plaintiff was moved from Facility B, Building Three to Facility B, Building 7.   Defendants Cena and Nelson visit Plaintiff in Building 7 to brag about how they encouraged their coworkers working on Facility B to use anonymous resources to do their dirty work.   Defendants Cena and Nelson acted

United States District Court
Northern District of California

United States District Court
Northern District of California

1    in retaliation for Grievance No. PBSP-18-02677.  Defendants Cena and Nelson continue to

2    regularly threaten Plaintiff that they will order an assault on him.

3           Defendant Ford was also responsible for ordering the May 27, 2022 assault on Plaintiff and

4    ordered the attack in retaliation for Grievance No. PBSP-20-0155, which was decided at the third

5    level on December 10, 2021, and in retaliation for the civil rights lawsuit that Plaintiff filed

6    against defendant Ford for sexual battery, C No. 19-cv-07649 HSG, which was dated June 29,

7    2022.  Defendant Ford used excessive force on Plaintiff on May 27, 2022, because he knew that

8    Plaintiff's grievance and lawsuit would stain his professional reputation and ruin his career.  Since

9    Plaintiff returned to PBSP on November 22, 2021 from out-to-court proceedings, defendant Ford

10    has made daily verbal threats of wanting Plaintiff battered and stabbed off the yard.  Defendant

11    Ford was transferred from Facility B to another yard a couple weeks before the assault so that he

12    could pretend that he was not part of the attack.  After the May 27, 2022 assault, defendant Ford

13    informed Plaintiff that he was part of the assault.  Defendant Ford continues to place Plaintiff in

14    imminent danger of serious physical injury by threatening to order assaults on Plaintiff.

15           Defendant Hamilton is also responsible for ordering the May 27, 2022 attack and ordered

16    the attack in retaliation for the grievance that Plaintiff filed against defendant Hamilton for

17    ordering anonymous resources to provoke Plaintiff, Grievance No. PBSP-19-02477.  This

18    grievance was denied at the third level on March 23, 2021.

19           Defendant Calderon is also responsible for ordering the May 27, 2022 attack and ordered

20    the attack in retaliation for Grievance No. PBSP-19-02648, which was decided on the third level

21    on December 22, 2020, and alleged that defendant Calderon spread false rumors that Plaintiff was

22    touching his genitals in her presence for the purpose of sexual gratification.  Defendant Calderon

23    had herself assigned away from Facility B, Building Three, three days before the assault so that

24    the assault would not be linked to her.  After the assault, defendant Calderon returned to Building

25    Three to brag about how she accomplished the assault.  Defendant Calderon currently works on

26    Facility B, Building Eight, and is ordering anonymous resources to have Plaintiff assaulted again.

27    **C.**      **Allegation of Imminent Danger**

28           Plaintiff alleges that he has demonstrated imminent danger of serious physical injury at the

4

1    time he filed this complaint because Defendants threaten him daily with assault, and these threats

2    are credible because (1) Defendants seek to retaliate against him for complaints that he has

3    previously filed against them; and (2) Defendants have previously acted on their threat when they

4    conspired with anonymous resources and had him assaulted on May 27, 2022, despite not being

5    staffed on Facility B that day.  *See generally* Dkt. No. 1.

6         Plaintiff has not made a plausible claim that Defendants ordered the May 27, 2022 attack.

7    The May 27, 2022 attack involved three inmates – inmates Robles and Lopez and Plaintiff – and

8    no correctional officers.  Defendants Case, Nelson, Ford, and Calderon had permanent

9    assignments at other yards at the time of the attack, and no defendant was present at the time of the

10   attack.  Plaintiff relies solely on the following conclusory statements to establish that Defendants

11   ordered the attack:  Defendants were motivated by vengeance for grievances filed by Plaintiff and

12   Defendants' transfer away from Facility B Yard prior to the attack was an attempt to hide their

13   involvement in the attack.  However, Plaintiff provides no specific evidence or allegation to

14   support these conclusory statements.  In addition, the grievances were filed and resolved two to

15   three years prior to the assault, making it unlikely that Defendants were motivated by these

16   grievances.  It is also unclear why Defendants would conspire together.  There is no grievance

17   naming all these defendants and the allegations in the grievances are distinct.

18        Moreover, Plaintiff's allegation that Defendants conspired with other prison officers to

19   order the May 27, 2022 attack is suspect.  In his other recently-filed lawsuits, Plaintiff has

20   identified different prison officials as responsible for this attack and always for the purpose of

21   satisfying the "imminent danger of serious physical injury" requirement set forth in 28 U.S.C. §

22   1915(g).  In other words, Plaintiff appears to use the May 27, 2022 assault to circumvent the three-

23   strikes provision of 28 U.S.C. § 1915(g) by claiming that the named defendant(s) ordered the

24   assault, even though the altercation involved only inmates and there are no allegations explaining

25   how inmates Robles and Lopez are linked to the named defendant(s).  For example, in C No. 22-

26   0670, *Cruz v. Bedusa*, Plaintiff alleges that PBSP correctional officer Bedusa ordered the May 27,

27   2022 attack; in C No. 22-cv-4627 HSG, *Cruz v. Valdez, et al.*, he alleges that PBSP correctional

28   officers Valdez, Chapa, and Declue ordered the May 27, 2022 attack; and in C No. 22-cv-4898

United States District Court
Northern District of California

HSG, *Cruz v. Simpson*, Plaintiff alleges that PBSP correctional officer Simpson ordered the May 27, 2022 attack.

Plaintiff's claim of imminent danger of serious physical injury from Defendants at the time he filed the complaint is fanciful and speculative.  Accordingly, pursuant to 28 U.S.C. § 1915(g), the Court DENIES plaintiff leave to proceed *in forma pauperis*.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) ("assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful").

Within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

## CONCLUSION

For the reasons set forth above, the Court orders Plaintiff to, within **twenty-eight (28) days** of the date of this order, show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.  Failure to respond in accordance with this order will result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated:  10/31/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

6