UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>    Plaintiff,<br><br>v.<br><br>CALDERON, et al.,<br><br>    Defendants. | Case No. 22-cv-05556-HSG<br><br>**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING AS MOOT REQUESTS FOR EXTENSIONS OF TIME; REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL**<br><br>Re: Dkt. Nos. 4, 5, 7 |

Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on or about September 29, 2022. Dkt. No. 1. Plaintiff has also requested leave to proceed *in forma pauperis*. Dkt. No. 5. On October 31, 2022, the Court ordered Plaintiff to show cause why he should not be denied leave to proceed *in forma pauperis* pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Dkt. No. 6. Plaintiff filed his response with the Court on November 16, 2022. Dkt. No. 8. The Court has carefully considered the record and, for the reasons set forth below, DENIES Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and requires Plaintiff to pay the filing fee in full in order to proceed with this action.

**DISCUSSION**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous,

1  malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under
2  imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

3  For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit
4  gives this guidance. The phrase "fails to state a claim on which relief may be granted" parallels
5  the language of Fed. R. Civ. P. 12(b)(6) and apparently means the same thing. *Andrews v. King*,
6  398 F.3d 1113, 1121 (9th Cir. 2005). A case "is frivolous if it is 'of little weight or importance:
7  having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it was filed with
8  the 'intention or desire to harm another.'" *Id.* (citation omitted). "Not all unsuccessful cases
9  qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP
10 status only when, after careful evaluation of the order dismissing an action, and other relevant
11 information, the district court determines that the action was dismissed because it was frivolous,
12 malicious or failed to state a claim." *Id.* at 1121.

13 The plain language of the imminent danger clause in Section 1915(g) indicates that
14 "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v.*
15 *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at
16 some earlier or later time are not relevant. *Id.* at 1053 & n.5 (post-filing transfer of prisoner out of
17 prison at which danger allegedly existed may have made moot his request for injunctive relief
18 against alleged danger, but it does not affect Section 1915(g) analysis). The Court "should not
19 make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at
20 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced
21 'imminent danger of serious physical injury' at the time of filing." *Id*.

22 **I.      Background**
23 On October 31, 2022, the Court ordered Plaintiff to show cause why his request for leave
24 to proceed *in forma pauperis* should not be denied, given that, in at least seven other cases,
25 Plaintiff had been denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g),[1]

---

[1] Plaintiff was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) in the following cases: *Cruz v. Gutierrez*, C No. 19-cv-04726 HSG, Dkt. No. 15 (Jan. 16, 2020), Dkt. No. 19 (Mar. 6, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Kumbat*, C No. 19-cv-05825 HSG, Dkt. No. 11 (Jan. 16, 2020), Dkt. No. 16 (Mar. 19, 2020) (revoking leave to

United States District Court
Northern District of California

1  and the complaint did not allege that Plaintiff was in imminent danger of serious physical injury.

2  Dkt. No. 6 at 2-6. In relevant part, the Court found that Plaintiff's allegations that he was in

3  imminent danger of serious physical injury at the time he filed the complaint were fanciful and

4  speculative:

> Plaintiff alleges that he has demonstrated imminent danger of serious physical injury at the time he filed this complaint because Defendants threaten him daily with assault, and these threats are credible because (1) Defendants seek to retaliate against him for complaints that he has previously filed against them; and (2) Defendants have previously acted on their threat when they conspired with anonymous resources and had him assaulted on May 27, 2022, despite not being staffed on Facility B that day. *See* generally Dkt. No. 1.
>
> Plaintiff has not made a plausible claim that Defendants ordered the May 27, 2022 attack. The May 27, 2022 attack involved three inmates – inmates Robles and Lopez and Plaintiff – and no correctional officers. Defendants Case, Nelson, Ford, and Calderon had permanent assignments at other yards at the time of the attack, and no defendant was present at the time of the attack. Plaintiff relies solely on the following conclusory statements to establish that Defendants ordered the attack: Defendants were motivated by vengeance for grievances filed by Plaintiff and Defendants' transfer away from Facility B Yard prior to the attack was an attempt to hide their involvement in the attack. However, Plaintiff provides no specific evidence or allegation to support these conclusory statements. In addition, the grievances were filed and resolved two to three years prior to the assault, making it unlikely that Defendants were motivated by these grievances. It is also unclear why Defendants would conspire together. There is no grievance naming all these defendants and the allegations in the grievances are distinct.
>
> Moreover, Plaintiff's allegation that Defendants conspired with other prison officers to order the May 27, 2022 attack is suspect. In his other recently-filed lawsuits, Plaintiff has identified different prison officials as responsible for this attack and always for the purpose of satisfying the "imminent danger of serious physical injury" requirement set forth in 28 U.S.C. § 1915(g). In other words, Plaintiff appears to use the May 27, 2022 assault to circumvent the three-strikes provision of 28 U.S.C. § 1915(g) by claiming that the named defendant(s) ordered the assault, even though the altercation involved only inmates and there are no allegations explaining how inmates Robles and Lopez are linked to the named defendant(s). For example, in C No. 22-0670, *Cruz v. Bedusa*, Plaintiff alleges that PBSP correctional officer Bedusa ordered the May 27, 2022 attack; in C No. 22-cv-4627 HSG, *Cruz v. Valdez*, et al., he alleges that PBSP correctional officers Valdez, Chapa, and Declue ordered the May 27, 2022 attack; and in C No. 22-cv-4898 HSG, *Cruz v. Simpson*, Plaintiff alleges that PBSP correctional officer Simpson ordered the May 27, 2022 attack.

---

proceed *in forma pauperis*); *Cruz v. Pierston*, C No. 19-cv-08039 HSG, Dkt. No. 8 (Jan. 16, 2020), Dkt. No. 14 (Mar. 9, 2020); *Cruz v. Ford*, C No. 19-7649, Dkt. No. 13 (Mar. 9, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Ortiz*, C No. 20-cv-00176, Dkt. No. 15 (Jun. 22, 2020); *Cruz v. Chandler*, C No. 20-cv-3421, Dkt. No. 7 (Sept. 28, 2020); and *Cruz v. Bedusa*, C No. 22-cv-00670, Dkt. No. 5 (Feb. 16, 2022). In these cases, the Court found that the following cases counted as strikes within the meaning of 28 U.S.C. § 1915(g): (1) *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC), 2015 WL 13049186 (E.D. Cal. Apr. 24, 2015); (2) *Cruz v. Ruiz*, C No. 1:15-cv-00975-SAB-PC, 2016 WL 8999460 (E.D. Cal. Jan. 6, 2016); (3) *Cruz v. Gomez*, 2017 WL 1355872 (E.D. Cal. Feb. 3, 2017); (4) *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, 2016 WL 1704178 (E.D. Cal. Apr. 28, 2016); (5) *Trujillo v. Gonzalez-Moran*, C No. 17-15200 (9th Cir Aug. 21, 2017).

Dkt. No. 4 at 3.

## II. Imminent Danger Exception

Plaintiff has not disputed that he has three strikes within the meaning of 42 U.S.C. § 1915g. *See* Dkt. No. 8. He argues, however, that he was in imminent danger of serious physical injury at the time he filed the complaint because the assault he suffered on May 27, 2022 was ordered by Defendants and because on September 23, 2022, the day he provided his complaint to correctional officials for mailing, Defendants again threatened him with assault. Dkt. No. 8 at 1-2. Plaintiff does not allege any facts to support the allegation that Defendants ordered the May 27, 2022 assault. And, as discussed in the Court's October 31, 2022 Order to Show Cause, Plaintiff's allegation that Defendants conspired with other prison officers to order the May 27, 2022 attack is suspect because (1) the altercation involved only inmates and there are no allegations explaining how inmates Robles and Lopez are linked to Defendants, and (2) in his other lawsuits, Plaintiff identifies other prison officials as responsible for this attack and always for the purpose of satisfying the "imminent danger of serious physical injury" requirement set forth in 28 U.S.C. § 1915(g). Outside of Plaintiff's unsupported and suspect claim that Defendants ordered the May 27, 2022 attack, Plaintiff's only support for his claim that he faced imminent danger of serious physical injury at the time he commenced this action are his allegation in the complaint that Defendants threaten him daily with assault and his allegation in the response to the Order to Show Cause that Defendants threatened him with assault on September 23, 2022. Assuming arguendo that these allegations are true, Defendants' verbal threats have not been accompanied by any action to cause serious physical injury to Plaintiff.

The Court has considered Plaintiff's litigation history and the allegations set forth in his response to the OSC. The Court finds that it would be speculative to conclude that Plaintiff faced imminent danger of serious physical injury at the time this action was filed based on Plaintiff's allegations. Accordingly, pursuant to 28 U.S.C. § 1915(g), the Court DENIES Plaintiff leave to proceed *in forma pauperis*. *Andrews II*, 493 F.3d at 1055 (imminent danger exception applies if complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious

4

physical injury' at the time of filing.").

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court DENIES Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Dkt. No. 5. Plaintiff may proceed with this action only if he pays the $402 filing and administrative fee in full. Plaintiff must pay the full filing fee within **twenty-eight (28) days** of the date of this order. If the full filing fee is not received by that date, the Court will dismiss this action without prejudice to plaintiff re-filing upon payment of the full filing fee.

2. The Court DENIES as moot Plaintiff's request for an extension of time to file his application for leave to proceed *in forma pauperis*. Dkt. No. 4. Plaintiff's application for leave to proceed *in forma pauperis* was timely filed. Dkt. No. 5.

3. The Court DENIES as moot Plaintiff's request for an extension of time to file his response to the Court's October 31, 2022 Order to Show Cause. Dkt. No. 7. Plaintiff's response was timely filed at Dkt. No. 8.

This order terminates Dkt. Nos. 4, 5, 7.

**IT IS SO ORDERED.**

Dated: 12/16/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge