UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALDERON, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-05556-HSG<br><br>**ORDER DENYING REQUEST FOR EXTENSION OF TIME; DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION; DISMISSING ACTION FOR FAILURE TO PAY FILING FEE IN FULL**<br><br>Re: Dkt. Nos. 10, 11 |

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court DENIES Plaintiff's requests for an extension of time and for reconsideration, Dkt. Nos. 10, 11, and DISMISSES this action without prejudice for failure to pay the filing fee in full.

On December 16, 2022, the Court denied Plaintiff leave to proceed *in forma pauperis* pursuant to the three-strikes provision set forth in 28 U.S.C. § 1915. The Court ordered Plaintiff to pay the $402 filing and administrative fee in full by January 16, 2023, or face dismissal of this action. Dkt. No. 9. The deadline to pay the filing fee in full has passed, and Plaintiff has not paid the filing fee.

Plaintiff has filed a motion requesting an extension of time to file a response to the Court's December 16, 2022 Order, and to Dkt. Nos. 4, 5, 7. Dkt. No. 10. This request is DENIED. The Court's December 16, 2022 Order does not require a response, and Dkt. Nos. 4, 5, and 7 are pleadings filed by Plaintiff. To the extent that Plaintiff seeks an extension of time to fulfill his payment obligation, that request is DENIED. Plaintiff has not explained why he requires an extension of time. If Plaintiff is later able to pay the filing fee in full, he may move to reopen this

case.

On January 19, 2023, Plaintiff filed a pleading with this Court titled "Plaintiff's Response to Docket Nos. 4, 5, 7." Dkt. No. 11. Plaintiff argues that the Court erred in denying him leave to proceed *in forma pauperis* because he was in imminent danger of serious physical injury when he filed the complaint because, on the day he submitted the complaint for mailing, Defendants threatened him as follows: "They were gonna get me fuck up (beaten) and stabb off the yard because they were tired of me filing complaints that don't have any merits to them and that they are just a waste of time."[1] ECF No. 11 at 1. Plaintiff also argues that he should be allowed to make partial payments to satisfy the filing fee obligation because Section 1915(g) "clearly" states that the filing fee is to be collected when funds exists and provides that an inmate should not be prohibited from bringing a suit or appealing a judgment because he cannot pay. ECF No. 11 at 2. To the extent that Plaintiff is seeking leave to file a motion for reconsideration, the Court DENIES this request. Plaintiff has raised these arguments previously, and the Court has denied these arguments on the merits. *See* Dkt. No. 9 (rejecting Plaintiff's claims that Defendants' verbal threats put Plaintiff in imminent danger of serious physical injury); C No. 22-cv-3742, *Cruz v. Etzel*, Dkt. No. 16 (rejecting Plaintiff's incorrect application of 28 U.S.C. § 1915; provisions of 28 U.S.C. § 1915 do not apply to Plaintiff because he was not granted leave to proceed *in forma pauperis*).

The Court DISMISSES this action for failure to pay the filing fee in full. This dismissal is without prejudice to filing a request to reopen, but any request to reopen must be accompanied by

---

[1] Plaintiff's allegations that Defendants verbally threatened him on the day he filed his complaint are suspect. In other lawsuits, when Plaintiff has been ordered to show cause why leave to proceed *in forma pauperis* should not be denied pursuant to 28 U.S.C. § 1915(g), Plaintiff has made identical allegations that (1) the defendants named in the action threatened him with physical assault on the day he submitted the complaint for mailing, specifically that he would be fucked up, beaten, and stabbed; and (2) the named defendants complained that they were tired of him filing complaints that lacked merit and were a waste of time. *See* C No. 22-cv-4627 HSG, *Cruz v. Valdez, et al.*, Dkt. No. 9 at 1 (on date he submitted his complaint for mailing, named defendants threatened to fuck him up, and stab him because they were tired of his complaints); C No. 22-cv-6219 HSG, *Cruz v. Davis, et al.*, Dkt. No. 6 at 2 (on October 17, 2022, when he submitted his complaint for mailing, named defendants threatened him with "another assault in the near future") and Dkt. No. 9 at 1 (on October 21, 2022, the date he submitted his complaint for mailing, named defendants threatened to fuck him up, and beat and stab him because they were tired of him filing meritless complaints).

the full filing and administrative fees.  The Clerk is directed to enter judgment in favor of Defendants and against Plaintiff, terminate Dkt. No. 10; terminate any remaining pending motions as moot, and close the case.

**IT IS SO ORDERED.**

Dated:   2/21/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge